IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD G. JACKMAN, JR., 06804-068, )
    Plaintiff, )
)
    v. ) Civil Action No. 06-51 E
)
CAROL A. MCMILLAN, et al., )
    Defendants. )

Report and Recommendation

I. Recommendation;

It is respectfully recommended that the complaint in the above captioned case be dismissed for failure to state a claim upon which relief may be granted.

II. Report:

Donald G. Jackman, Jr., an inmate a the Federal Correctional Institution at McKean has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis.

In his complaint, Jackman alleges that commencing on March 14, 2000 and continuing thereafter until March 13, 2004, the defendants without authorization disposed of his personal property without authority or without remitting the proceeds to him. Specifically, he contends that Carol A. McMillan with whom he lived, and acting without his authorization permitted the removal and disposition of his or their property by giving it to federal agents acting without a warrant, or to other individuals; that her action in disposing of his property is ongoing; that the plaintiff unsuccessfully sought aide from the Pennsylvania Attorney General's office in resolving

this matter; that the Sheriff proceeded with the sale of plaintiff's assets with knowledge that he was unauthorized to do so, and that others transferred ownership of that property without his authorization. The plaintiff now seeks to be made whole for this alleged illegal disbursement. Named as defendants are six private individuals as well as the Butler County Sheriff and Tim McCune who is also apparently a Butler County official since service is directed to him at the Butler County Courthouse.

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

An action brought under § 1983 is not a substitute for a tort action. <u>Paul v. Davis</u>, 424 U.S. 693 (1976); <u>Marran v. Marran</u>, 376 F.3d 143 (3d Cir.2004). Since it is apparent here that the plaintiff is seeking recovery under general tort theories, he has failed to set forth a viable § 1983 claim. Nor do any other grounds exist for invoking federal jurisdiction.

Accordingly, it is recommended that the complaint in the above captioned case be dismissed for failure to state a claim upon which relief may be granted.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                Respectfully submitted,

                                                s/Robert C. Mitchell,
Entered: March 14, 2006               United States Magistrate Judge